2026 Tex. Bus. 20

FILED IN
BUSINESS COURT OF TEXAS
BEVERLY CRUMLEY, CLERK
ENTERED
5/1/2026



# THE BUSINESS COURT OF TEXAS
## FOURTH DIVISION

| | | |
|---|---|---|
| ROBERT S. MAY, FOXBOROUGH ENERGY COMPANY, LLC, WEST GEORGE PROSPECT, LLC, STEVEN C. HOWARD, METEOR ENERGY, LLC, ALAMO BEACH LIMITED PARTNERSHIP, ALLEN 4A PROPERTIES, LLC, BARRY SWITZER FAMILY, L.L.C., PATRICIA A. BEAN, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF JOE C. BEAN, DECEASED, JOEL G. BEAN, COMMONWEALTH INVESTMENT CORPORATION, PATRICIA MARIE FERMAN, FREDERICK E. GRABOYES, HANNA JOYCE HODGE, ERIC T. HOLMES, HUNTER MILLER FAMILY, L.L.C., J & P FAMILY PROPERTIES, LTD, GLENN C. JENKINS & VIVAN S. JENKINS, JREY PROPERTIES, LLC, LARA ENERGY, INC., NEUHAUS BROOKS INVESTMENTS, LLC, OLD LIPAN LIMITED, OMAR E. ORTEGA, OWLAW REAL ESTATE HOLDINGS, LLC, RRJ ENERGY, LLC, JERRY S. STOKES, WESTENERGY, LLC, DALE M. WILCOX, TRUSTEE OF THE WILCOX MARITAL BYPASS TRUST, JANE A. WHITE, JAMES V. WILLIS & CHARLENE M. WILLIS, and WORSHAM ENERGY HOLDINGS, LLC, <br> *Plaintiffs* <br> v. <br><br> INEOS USA OIL & GAS LLC, CHESAPEAKE EXPLORATION, LLC, CHESAPEAKE OPERATING, INC., CNOOC ENERGY USA LLC, LARCHMONT RESOURCES, L.L.C., and GREG WINKLER, INDEPENDENT | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Cause No. 25-BC04B-0007 |

EXECUTOR OF THE ESTATE OF MARK A. §
DOPPS, DECEASED, §
    *Defendants* §

## MEMORANDUM OPINION AND ORDER

¶1     Before the court are Defendants' Objections to Plaintiffs' Summary Judgment Evidence and Plaintiffs' response. The parties presented their arguments at a hearing on April 28, 2026.

¶2     In its Memorandum Opinion rendered March 27, 2026, this court partially granted and partially denied Defendants' motion for partial summary judgment. *May v. INEOS USA Oil & Gas LLC*, 2026 Tex. Bus. 14, 2026 WL 867698 (4th Div). In doing so, the court construed the parties' oil and gas Farmout Agreement, which lies at the heart of their dispute. The court rejected Plaintiffs' contention that their reversionary back-in interest is triggered on a "well by well" basis. The court held the contractually defined "Payout" is triggered only by an Earning Well, not by any well, and is calculated based on aggregated cost recovery for the Earning Well together with all wells on its corresponding acreage.

¶3     Plaintiffs' cross-motion for summary judgment now asks the court to hold as a matter of law in their favor that Payout is calculated on a well-by-well basis. To convince the court of their interpretation, they attach evidence that is extrinsic to the Agreement, comprising Defendants' reports, records, and emails that, according to Plaintiffs, show "how [the Agreement]'s provisions were implemented in

2

practice." Plaintiffs' counsel concedes the challenged exhibits are "post-Farmout Agreement records, communications, documents."

¶4 Defendants object to admission of these exhibits, which Plaintiffs admit are post-execution "course of performance" evidence. In Plaintiffs' response, the entirety of their legal authority rests in a single footnote citing six cases. Despite Plaintiffs' statement to the contrary, not one of those cases allowed course-of-performance or other post-execution evidence to construe an unambiguous contract:

- In two of the cases, the Court considered only **pre-execution** evidence— not evidence of contractual performance. *Barrow–Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 483-84 (Tex. 2019) (considering circumstances of contractual negotiations); *Houston Expl. Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 471-72 (Tex. 2011) (considering draft revisions during negotiations).

- In the remaining cases, the Court **reversed** a lower court's use of extrinsic evidence to construe a contract. *URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d 755, 758, 782 (Tex. 2018); *First Bank v. Brumitt*, 519 S.W.3d 95, 110 (Tex. 2017); *Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 732-33 (Tex. 1981); *see Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 453 (Tex. 2015) (affirming reversal of trial court's ruling and rejecting use of evidence regarding parties' post-execution acquiescence to disputed fees).

3

¶5    Plaintiffs have repeatedly stated that the Farmout Agreement is unambiguous, but they now also urge that Defendants' construction "is not the only reasonable construction" of the Agreement. For the reasons described in the court's prior opinion, only "one reasonable meaning clearly emerges" after applying established contract-construction rules to the Agreement. *See Bd. of Regents of Univ. of Tex. Sys. v. IDEXX Labs., Inc.*, 691 S.W.3d 438, 444 (Tex. 2024). The court holds the plain language concerning Plaintiffs' reversionary back-in interest is reasonably susceptible to only one meaning, preventing consideration of their extrinsic evidence. *See Equinor Energy LP v. Lindale Pipeline, LLC,* 69 Tex. Sup. Ct. J. 343 (Mar. 13, 2026) ("[C]ourts can't consider course-of-performance evidence to interpret an unambiguous contract").

## CONCLUSION AND ORDER

¶6    Having considered the parties' briefing, evidence, arguments, and the relevant law, the court ORDERS that Defendants' objections to Exhibits D through N of Plaintiffs' Motion are SUSTAINED. The court strikes these exhibits from the summary-judgment record.

SO ORDERED.

*Stacy Rogers Sharp*

STACY ROGERS SHARP
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: May 1, 2026

4